16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Jaime TORO-ARISTIZABAL, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-1888.
 United States Court of Appeals,
First Circuit.
 February 15, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 Jaime Toro-Aristizabal on brief pro se.
 A. John Pappalardo, United States Attorney, and Stephen P. Heymann, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Jaime Toro-Aristizabal was charged, in a multi-count indictment, with conspiracy to possess with intent to distribute and distribution of a quantity of cocaine between August 1986 and March 1988, in violation of 21 U.S.C. Sec. 846 (count 1), possession with intent to distribute and distribution of cocaine in August 1986, in violation of 21 U.S.C. Sec. 841(a)(1) (count 3) and eleven separate incidents of possession with intent to distribute cocaine (counts 4 through 14) during the period November 1986 through July 1987. He was convicted of all of these violations after a jury trial. We affirmed his conviction on direct appeal. See United States v. David, 940 F.2d 722, 739 (1st Cir.), cert. denied, 112 S. Ct. 605 (1991).
 
 
 2
 In this Sec. 2255 motion, appellant raises his inability to pay the $20,000 fine he received on the count 3 conviction. He also, in other pleadings filed in the district court, alluded to the following issues: (1) the court should not have considered, in determining appellant's sentence under the sentencing guidelines, any quantities of cocaine involved in transactions which occurred prior to the effective date of the guidelines; (2) the sentencing court incorrectly sentenced him to a term of imprisonment which included a term of supervised release in violation of 21 U.S.C. Sec. 846 and contrary to the policy of lenity in construing ambiguous statutes; and (3) he received ineffective assistance of counsel.
 
 
 3
 Subsequently, an attorney was appointed to represent appellant. He filed a new memorandum in which only the issue concerning the fine was raised. The district court then denied the petition. This appeal ensued. We have reviewed the parties' briefs and the record and affirm the judgment of the district court as to the $20,000 fine for essentially the reasons stated in the court's memorandum, dated July 26, 1993. We only add that the fine comports with the factors listed in 18 U.S.C. Sec. 3622(a), which applied to the count 3 conviction.
 
 
 4
 As for appellant's assertion that he should not have received a term of parole or supervised release, we first note that this argument is relevant only to counts 3 and 4 to 14. On Count 1, he was sentenced to a term of imprisonment; this sentence did not include a term of supervised release or parole. Second, Sec. 846 applies to conspiracies. The remaining counts did not charge violations of Sec. 846. In any event, the sentences imposed on these counts were not illegal.
 
 
 5
 Under count 3-the August 1986 conviction for possession and distribution-the court sentenced appellant to 15 years imprisonment. In August 1986, Sec. 841(b)(1)(B) provided that "[a]ny sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least 3 years in addition to such term of imprisonment...." Thus, the special parole portion of the sentence under count 3 is correct.
 
 
 6
 The court sentenced appellant on the remaining eleven counts to concurrent terms of imprisonment of seventeen years and six months and concurrent five-year terms of supervised release. These counts covered the period November 13, 1986 to July 15, 1987. Section 1002 of the Anti-Drug Abuse Act of 1986, enacted on October 27, 1986, replaced "special parole term" with a "term of supervised release" for narcotic offenses committed in violation of 21 U.S.C. Sec. 841(b)(1)(A), (B) and (C). In the Sentencing Reform Act of 1984, however, Congress had deferred the effective date for the elimination of special parole to November 1, 1987. In Gozlon-Peretz v. United States, 498 U.S. 395 (1991), the Supreme Court held that the supervised release provisions of the ADAA applied for the interim period October 27, 1986 to November 1, 1987. Id. at 410. Because the dates of counts 4 to 14 fall in this time period, appellant was correctly sentenced to terms of supervised release.
 
 
 7
 Because appellant's sentences were legal, his claim of ineffective assistance of counsel fails. As for his claim that the court erred in calculating his sentence on the conspiracy count by referring to conduct predating the effective date of the sentencing guidelines, we already rejected this argument in appellant's direct appeal. See 940 F.2d at 740. Finally, because the grounds presented in the Sec. 2255 motion turned on legal issues, we reject appellant's claim that he was entitled to an evidentiary hearing.
 
 
 8
 The judgment of the district court is affirmed.